107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAGUAR CARS, Plaintiff-Appellee,
v.
Chairman Ray COTTRELL, et al. acting in their official
capacities as members of the Motor Vehicle
Commission, Commonwealth of Kentucky,
Defendants-Appellants.
 Nos. 95-6095, 95-6155.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1997.
 
 1
 Before: GUY, and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Before us on appeal is the Order of the District Court granting Plaintiff Jaguar's motion for a preliminary injunction. That Order enjoined the defendants from taking any action pursuant to Kentucky statutes on a petition filed by Blackhorse Motorworks, an intervening defendant herein, alleging wrongful termination of Blackhorse's franchise.
 
 
 3
 Effective July 15, 1996, during the pendency of this appeal, legislation in the Commonwealth of Kentucky went into effect, modifying the procedure for the adjudication of disputes before the Kentucky Motor Vehicle Commission ("the Commission").[1] The changes effected by the legislation appear, inter alia, to bring the procedures to be followed by the Commission into alignment with KY.REV.STAT.ANN. Ch. 13B (Baldwin 1994), Administrative Hearings, which provides for the recusal of interested adjudicators, including those who are biased because of a pecuniary interest in the matter under consideration. KY.REV.STAT. § 13B.040(b).
 
 
 4
 As was the case prior to the effective date of this legislation, the Commission's orders appear to continue to be subject to review by a constitutional court which may review the Commission's orders, inter alia, for misconduct, including constitutional violations and the failure of an adjudicator to be recused. KY.REV.STAT. § 13B.150. See Fieger v. Thomas, 74 F.3d 740, 745 (noting that, for purposes of a federal court's decision to abstain, " 'it is sufficient ... that constitutional claims may be raised in state-court judicial review of administrative proceedings' ") (quoting Ohio Civil Rights Comm'n v. Dayton Christian Sch., 477 U.S. 616, 629 (1986)); id. (noting that " 'abstention is appropriate unless state law clearly bars the interposition of the constitutional claim' ") (quoting Moore v. Sims, 442 U.S. 415, 425-36 (1979)). Because this change in the scheme by which the Commission conducts its business, at least on its face, may clarify some of the short-comings found by the district court to inhere in the Commission's procedures for adjudication of disputes, and may warrant a reconsideration of the district court's abstention ruling, we decline to render any ruling on the merits of this case at this time. Accordingly, we REMAND the cause to the district court for a determination, in the first instance, of the impact, if any, the new legislation may have on its previous decision not to abstain from rendering a ruling in the matter.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The legislation was designated KY.LEGIS. H.B. 404 (1996) and KY.LEGIS. S.B. 292 (1996)